```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                     TAMPA DIVISION
```

PRECISIONAIRE, INC.,
et al.,

      Plaintiffs,

v.                          CASE NO.   8:04-CV-1939-T-17EAJ

LIBERTY MUTUAL INSURANCE
COMPANY, etc.,

      Defendant.

_____/

                        ORDER

    This cause is before the Court on:

    Dkt. 39 Motion to Abate or Dismiss Bad Faith Claim
    Dkt. 40 Opposition

I.  Motion to Abate or Dismiss

    Defendant argues that Plaintiffs' bad faith claim cannot proceed until the breach of contract action has been determined as to liability and damages, under both Federal and Florida law. Defendant argues that it would be unfair and prejudicial to require Defendant to defend a statutory bad faith claim in light of the Court's recognition of Defendant's wide discretion in claims handling. Defendant argues that the extent of Defendant's obligations and duties under the contract also need to be determined.

Case No. 8:04-CV-1939-T-17EAJ

II. Opposition

Plaintiffs argue that this Court has already rejected Defendant's argument, and the authority on which Defendant relies is factually inapplicable. Plaintiffs argues that the presence of some open claims is not a bar to bringing the bad faith claim because some of the open claims already exceed the ceiling of potential liability for Defendant, and Defendant could keep claims open indefinitely, continuing to incur expenses on Plaintiffs' behalf and permanently avoiding any bad faith action. Plaintiffs argue that the current analysis of Defendant's claims handling is necessary to avoid perpetual accrual and delay of causes of action.

III. Discussion

Plaintiffs allege that Defendant did not attempt in good faith to settle claims when it could and should have done so, that Defendant has allowed claims to stagnate for over three years, incurring unwarranted indemnity, ALAE and medical expenses, that Defendant has failed to communicate with Plaintiffs as to the claims, as well as other conduct allegedly designed to increase Plaintiffs' costs for the claims (Dkt. 1, pp. 10-11), for which Plaintiffs seek damages.

In denying Defendant's Motion to Dismiss (Dkt. 34), the Court recognized that some claims have been finally resolved and some have not. The Court concluded that each claim will have to be evaluated separately. In the Complaint in this case, Plaintiffs assert that Plaintiffs filed notices required by S. 624.155, Fla. Stat. with the Department of Insurance (Dkt. 1, p.

2

Case No. 8:04-CV-1939-T-17EAJ

10) as to the claims challenged, but the Court has no knowledge of the contents of the notices.

In <u>Allstate Indemnity Company v. Ruiz</u>, 899 So.2d 1121 (Fla. 2005), the Florida Supreme Court states:

> Consistent with the analysis outlined, we hold that in connection with evaluating the obligation to process claims in good faith under section 624.155, all materials, including documents, memoranda, and letters, contained in the underlying claim file and related litigation file material that was created up to and including the date of resolution of the underlying disputed matter and pertain in any way to coverage, benefits, liability, or damages, should also be produced in a first-party bad faith action. Further all such material prepared after resolution of the underlying disputed matter and initiation of the bad faith action may be subject to production upon a showing of good cause or pursuant to an order of the court following an in-camera inspection. (Citation omitted). However, we caution that where the coverage and bad faith actions are initiated simultaneously, the courts should employ existing tools, such as the abatement of actions and in-camera inspection, to ensure full and fair discovery in both causes of action. In no event should parties be permitted to undermine the plain meaning, spirit, and intent of the Legislature's mandate or this pronouncement by attempting to shield documents that pertain to the processing or litigation of the underlying claim by merely asserting that such documents were prepared in anticipation of litigation of the bad faith action. Obviously, files are opened routinely in the insurance business when claims are presented and that type of material should contain an accurate record of the manner in which the matter has

3

Case No. 8:04-CV-1939-T-17EAJ

>been processed.  In the same vein, litigants
>who choose to file both actions
>simultaneously must recognize that certain
>documentation relevant to the bad faith
>action may not be available for discovery
>until after resolution of the underlying
>matter.  *See Old Republic Nat'l Title Ins.
>Co. V. HomeAmerican Credit, Inc.*, 844 So.2d
>818, 819 (Fla. 5th DCA 2003) (holding that a
>party is not entitled to discovery of an
>insurer's claim file in an action for
>insurance benefits combined with bad faith
>until the insurer's obligation to provide
>coverage has been established)...However,
>when the underlying claim for benefits has
>been resolved, all files pertaining to the
>underlying dispute which produced the alleged
>bad faith are discoverable as in traditional
>common law third-party bad faith cases for
>failure to settle third-party claims.

See also Geico General Ins. Co. V. Hoy, 2006 WL 1098276 (Fla. 2d DCA 2006).  It is not clear to the Court whether there is any issue of coverage in the unresolved worker's compensation claims. After consideration, the Court **grants** the Motion to Abate as to any worker's compensation claim that has not been finally resolved.  The Court recognizes that it may be necessary to revisit this issue as this case progresses.  Accordingly, it is

ORDERED that the Motion to Abate is **granted** without prejudice as to any worker's compensation which has not been finally resolved.

4

Case No. 8:04-CV-1939-T-17EAJ

**DONE** and **ORDERED** in Chambers, in Tampa, Florida on this 30th day of MAY, 2006.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record

5