UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**PRECISIONARE, INC. et al.**,

    Plaintiffs,

v.                                                                          **Case No.: 8:04-CV-1939-T-17EAJ**

**LIBERTY MUTUAL INSURANCE CO.**,
a Massachusetts corporation,

    Defendant.

ORDER

Before the court are **Defendant's Motion to Compel Plaintiffs to Post Bond in Connection with Discovery** (Dkt. 47), and **Plaintiffs' Opposition to Defendant's Motion to Compel** (Dkt.50).

Background

Plaintiffs filed a complaint alleging bad faith actions against Defendant in the handling of, at a minimum, 43 separate claims on behalf of nine corporate entities located in eight states. (Dkt. 1 at 10) From 1991 through 2000, Defendant was the worker's compensation insurance company and claims administrator for Plaintiffs.

Pursuant to Fla. Stat. § 624.155, Plaintiffs are seeking an award of punitive damages. (Id. at 15) A party may recover punitive damages if acts giving rise to the violation occur with such frequency as to indicate a general business practice. Fla. Stat. § 624.155. The statute further provides that any person who

pursues a claim for punitive damages "shall post in advance the costs of discovery. Such costs shall be awarded to the authorized insurer if no punitive damages are awarded to the plaintiff." Fla. Stat. § 624.155(5).

Defendant alleges that the parties have taken depositions in Florida and will schedule numerous depositions in Florida and other states. (Dkt. 47 at 2) Defendant anticipates that the discovery costs will be considerable and seeks an order requiring Plaintiffs to post a discovery bond pursuant to Section 624.155(5). In order to determine the appropriate amount of the discovery bond, Defendant requests that the court allow the Special Master to convene a hearing to determine the amount of the bond. (Dkt. 47 at 5)

Plaintiffs oppose Defendant's motion to post a bond arguing that, because Plaintiffs are only seeking information or documents regarding their claims, the discovery bond requirement is not applicable. (Dkt. 50 at 2)

Discussion

The Federal Rules of Civil Procedure make no provision for the posing of cost bonds, and this district has not promulgated a local rule governing such bonds. Although the Court of Appeals for the Eleventh Circuit has not addressed the issue, other federal courts have declined to hold that a district court must follow a state's practice regarding cost bonds. Piallat v. Replogle, 125 F.R.D.

165, 166 (D. Colo. 1989); Hartnett by Hartnett v. Catholic Health Initiatives Mt. Region, 47 F. Supp. 2d 1255, 1256 (D. Colo. 1999). In Hartnett, the court noted that the statute requiring a party to post a bond was procedural in nature and the policies underlying Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938) did not militate toward applying the state statute in federal court. Hartnett, 47 F. Supp.2d at 1256.[1]  Thus, the requirement to post a bond is not applicable in this case.

Accordingly, and upon consideration, it is **ORDERED** that:

(1) **Defendant's Motion to Compel Plaintiffs to Post Bond in Connection with Discovery** (Dkt. 47) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on this 29th day of August, 2006.

ELIZABETH A JENKINS
United States Magistrate Judge

---

[1] Defendant's reliance on Jones v. Continental Insurance Co., 670 F. Supp. 937 (S.D. Fla. 1987) is unpersuasive.  In Jones, defendant moved to dismiss plaintiffs' complaint because plaintiffs failed to post a cost bond for discovery.  Id. at 945 n. 16.  In denying defendant's motion to dismiss on this ground, the court did not address the issue of whether a federal court must follow state practice regarding cost bonds. Rather, the court deemed the motion moot because plaintiffs were not seeking punitive damages under the statute.  Id.